**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Toby Bolden Williams, | No. CV 18-00884-PHX-DGC (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Yuma Police Department, et al., | |
| Defendants. | |

On March 27, 2019, the Court issued an order giving Plaintiff one month to file an amended complaint with respect to his dismissed claims against Defendants City of Yuma, Yuma County, and City of Somerton, and to show cause why Defendants Binuya and Villa should not be dismissed for failure to serve process on them. Doc. 141 at 21-22. Plaintiff has filed no amended complaint, and his response to the Court's order to show cause provides no explanation for the lack of service of process. Doc. 146. The Court will dismiss this action with prejudice for failure to prosecute.

Plaintiff has the duty to prosecute his case even though he is proceeding pro se. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) provides for the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (recognizing that a district court has inherent power to dismiss a case sua sponte for failure to prosecute). A dismissal under Rule 41(b) generally is with prejudice. *See* Fed. R. Civ. P. 41(b).

In determining whether a plaintiff's failure to prosecute or comply with an order warrants dismissal of the case, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors "favor the imposition of sanctions in most cases," including this one. *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). Plaintiff's failure to amend the complaint and serve process has "caused 'the action to come to a complete halt' and ha[s] allowed [Plaintiff] to control the pace of the docket rather than the Court." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *see Richardson v. Cty. of Santa Barbara Jail*, No. CV 09-3373 DMG FFM, 2010 WL 4796457, at \*2 (C.D. Cal. Mar. 8, 2010); *Wolff v. California*, 318 F.R.D. 627, 631 (C.D. Cal. 2016) ("Plaintiff's inaction hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. . . . As a result, the Court's need to manage its docket favors dismissal."). The third factor – prejudice to Defendants – also supports dismissal. *See Yourish*, 191 F.3d at 991-92 (the delay caused by the plaintiff's failure to timely amend was sufficient prejudice to the defendants); *Wolff*, 318 F.R.D. at 631 ("Plaintiff's delay in prosecuting this case and obeying the Courts orders is unreasonable, and the risk of prejudice strongly weighs in favor of dismissal."). The fourth factor – the preference for deciding cases on their merits – always weighs against dismissal.

The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court granted Plaintiff's request to amend the complaint and gave him 30 days to do so (Doc. 141 at 18), but Plaintiff has not filed an amended pleading. Nor has he served process on Defendants Binuya and Villa. Rather, Plaintiff filed a response to the order to show cause accusing the Court of going out of its way to summarily dismiss his

1  claims.  Doc. 146 at 2.  But the Court explained its reasons for the dismissal and granted

2  Plaintiff leave to cure deficiencies in the complaint.

3  Balancing the factors identified in *Carey*, the Court concludes that dismissal of this

4  action is warranted.  *See Yourish*, 191 F.3d at 992 ("Because we have found that three

5  factors strongly favor dismissal, we feel that the district court did not abuse its discretion

6  in dismissing Plaintiffs' case for failing to amend in a timely fashion.").

7  **IT IS ORDERED:**

8  1.  This action is **dismissed with prejudice** pursuant to Rule 41(b) of the

9  Federal Rules of Civil Procedure.

10  2.  The Clerk is directed to **terminate** this action.

11  Dated this 2nd day of May, 2019.

_David G. Campbell_

David G. Campbell
Senior United States District Judge